UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

**05 11088 JLT**

BRENDA COMEAU AND
KENDRA LARKIN ,                          )
      Plaintiffs                     )
                     )
                     MAGISTRATE JUDGE Alexander
vs.                                      )
                     )
O'CHARLEY'S, INC., AND                   )        CIVIL ACTION NO.
99 RESTAURANTS, LLC,                     )
      Defendants                     )
_____          )

RECEIPT # _____
AMOUNT $250
SUMMONS ISSUED ___
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___

COMPLAINT AND DEMAND FOR JURY TRIAL

INTRODUCTION

1.  This is an action brought for sex discrimination, sexual harassment and retaliation

in employment and violation of other rights protected by Title VII of the Civil

Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17, as amended,

and under any other applicable sections of Title VII.

2.  This is also an action for sex discrimination, sexual harassment and retaliation in

employment, and violation of other rights protected by Massachusetts Fair

Employment Practices Act, General Laws ch. 151B.

JURISDICTION

3.  Jurisdiction is specifically conferred upon this United States District Court by the

aforementioned federal statutes. Jurisdiction is also conferred by 28 U.S.C. §§

1331, 1343 because a federal question is involved, and based on the diversity of

citizenship among the parties under 28 U.S.C. §§ 1331-1332, there being over

$1,000,000 in controversy with respect to each of the plaintiffs' claims. This

court also has pendant jurisdiction over the plaintiffs' state law claims.

## PARTIES

4.    Plaintiff, Brenda Comeau (hereinafter "Comeau"), is a natural person and is a resident of Townsend, Middlesex County, Massachusetts.

5.    Plaintiff, Kendra Larkin (hereinafter "Larkin"), is a natural person and is a resident of Fitchburg, Worcester County, Massachusetts.

6.    Defendant, 99 Restaurants, LLC, is a business corporation incorporated in Delaware with its principal place of business and headquarters in Nashville, Tennessee. It is a citizen of Tennessee.

7.    Defendant, O'Charley's, Inc., is a business corporation incorporated in New Jersey with its principal place of business and headquarters in Nashville, Tennessee. It is a citizen of Tennessee.

## COMPLAINT

8.    Comeau, a female, was employed by the 99 Restaurants, LLC and O'Charley's, Inc. from on or about November 25, 1997 until on or about August 27, 2004.

9.    Larkin, a female, was employed by the 99 Restaurants, LLC and O'Charleys, Inc. from on or about December 4, 1995 until on or about August 7, 2004..

10.    The 99 Restaurants, LLC and O'Charley's, Inc. (defendants will hereinafter be jointly referred to as the "99 Restaurants") own and operate restaurants doing business as the Ninety Nine Restaurant and Pub.

11.    Larkin and Comeau worked as waitresses at a Ninety Nine Restaurant and Pub located in Fitchburg, Massachusetts.

12.    The employment discrimination and violations of law described herein occurred at

the Ninety Nine Restaurant and Pub in Fitchburg, Massachusetts.

13.    The 99 Restaurants currently employ over one thousand employees and employed

over one thousand employees at the time of the violations of law alleged herein.

14.    During the time period Comeau and Larkin worked for the 99 Restaurants in

Fitchburg, Massachusetts, Scott Hand (hereinafter "Hand") was employed by the

99 Restaurants as a General Manager.

15.    Hand supervised Larkin and Comeau in the workplace at the 99 Restaurants'

restaurant in Fitchburg, Massachusetts.

16.    Hand and the 99 Restaurants subjected Comeau and Larkin to disparate treatment

on the basis of their sex and violated their rights by creating, maintaining,

tolerating and encouraging a sexually hostile and offensive work environment.

The workplace was pervaded by words and conduct of a sexual nature to the

extent that a hostile and offensive work environment was created. Comeau and

Larkin were subjected to quid pro quo sexual harassment.

17.    Hand engaged in a variety of discriminatory and harassing actions with respect to

Larkin which included, but were not limited to: On or about May 18, 2004, Hand

straddled Larkin's legs, putting his legs around her body and kissing her face in

the workplace without her consent; on other dates in 2004 and before, Hand

picked up Larkin by the buttocks and carrying her out into the dining room of the

restaurant, Hand inserted his finger into a hole in Larkin's shirt and ripped her

shirt open in the area of her breast, Hand wiped his wet hand on Larkin's face and

down the front of her body, Hand touched Larkin inappropriately, hugging and kissing Larkin on various occasions, Hand failed to respect Larkin's repeated requests that he not to touch her and that he get away from her, Hand asked Larkin, a married woman, if she wanted to go away with him on vacation, alone, Hand made inappropriate comments and statements of a discriminatory manner to Larkin and others.

18.    Hand discriminated against and mistreated other employees on the basis of their sex to the knowledge of and in the presence of Larkin while she was employed by the 99 Restaurants, contributing to the hostile and offensive environment.

19.    Hand engaged in a variety of discriminatory and harassing actions with respect to Comeau which included, but were not limited to: Hand licked Comeau's face and neck on or about March 4, 2004, Hand picked Comeau up in the style of a caveman and put her over his shoulder, Hand hugged Comeau and then picked her up while she protested, "put me down," Hand pulled Comeau down on his lap, Hand kissed Comeau, Hand slammed a door in Comeau's face, Hand screamed at Comeau in front of customers and co-workers, Hand grabbed Comeau by the arm in a hostile, threatening, intimidating and aggressive manner, Hand engaged in other inappropriate sexual acts, comments and statements in Comeau's presence.

20.    Hand publicly abused and discriminated against Comeau and Larkin, and he engaged in this abuse and discrimination on numerous occasions over a long period of time, making the abuse and discrimination a condition of their employment.  If they resisted or objected to the abuse or discrimination, Hand subjected them to adverse terms and conditions of employment.

21.  Hand committed indecent assault and battery on Comeau and Larkin in violation of Mass. Gen. Laws ch. 265 § 13H. Violation of Mass. Gen. Laws ch. 265 § 13H is a felony punishable by imprisonment in the state prison for not more than 5 years. Hand also engaged in criminal harassment within the meaning of Mass. Gen. Laws ch. 265 § 43A.

22.  The sexual harassment and gender based harassment described herein was unwelcome by Comeau and Larkin.

23.  Hand and the 99 Restaurants treated Comeau and Larkin unequally and treated them differently than they treated male employees at the 99 Restaurants.

24.  Hand discriminated against and mistreated other employees on the basis of their sex to the knowledge of and in the presence of Comeau while she was employed by the 99 Restaurants.

25.  Larkin and Comeau complained about the discrimination, retaliation and sexually hostile work environment at the 99 Restaurants while they were still employed by defendants.

26.  Even after Larkin and Comeau complained, the harassment persisted. Co-workers made sexually hostile and offensive comments and were not disciplined for doing so. A co-worker and witness who opposed the discrimination against them was terminated due to his support of the plaintiffs. The 99 Restaurants, through its managers, supervisors and employees caused the terms, conditions, privileges and benefits of Larkin's and Comeau's employment to be adversely altered after they complained about the violations of their state and federal rights to be free from employment discrimination.

27.    The 99 Restaurants, and persons for whom it is legally responsible, retaliated

against Comeau and Larkin after they complained, further discriminated against

them, took actions adverse to them and interfered with their rights as a result of

their filing internal complaints and complaints with Massachusetts Commission

Against Discrimination ("MCAD') and the Equal Employment Opportunity

Commission ("EEOC") and otherwise opposing the discriminatory practices at the

99 Restaurants.  The 99 Restaurants also retaliated against a co-worker who

opposed discrimination against Larkin and Comeau by terminating said co-worker

and employee.

28.    Due to the intolerable work environment at the 99 Restaurants, and due to

ongoing discrimination, harassment and retaliation, Larkin and Comeau were

forced out of the 99 Restaurants and were constructively discharged.

29.    At all relevant times,  the 99 Restaurants knew or should have known about the

discrimination, harassment and retaliation described herein and about Hand's

sexually inappropriate and discriminatory behavior but failed to take adequate and

effective remedial action.  The 99 Restaurants failed to maintain an effective anti-

discrimination policy over a long period of time, failed to follow its own anti-

discrimination policy and violated its own written polices.

30.    The 99 Restaurants aided, abetted, conspired with and assisted Hand and other

individuals in sex discrimination, sexual harassment and retaliation against

Comeau and Larkin.

31.    The 99 Restaurants failed to promote a workplace free of sexual harassment as required and encouraged by G.L. c. 151B, §3A and failed to take reasonable affirmative steps to ensure that discrimination and retaliation in the workplace was eradicated in violation of its duties under state and federal law.

32.    The discrimination, harassment and retaliation at the 99 Restaurants was so severe that the material terms, benefits, conditions and privileges of Comeau's and Larkin's employment were modified and it interfered with their work performance.

33.    The 99 Restaurants is vicariously liable for the acts of its supervisors and employees based on principles of agency, strict liability, the doctrine of respondeat superior and based on other laws, rules, regulations, guidelines, decisions and equitable principles under state and federal law.

34.    99 Restaurants wilfully, intentionally and maliciously discriminated against, harassed and retaliated against Comeau and Larkin, were deliberately indifferent to the violation of their rights, and engaged in a pattern of reckless, abusive and reprehensible conduct toward Larkin and Comeau in violation of their state and federal rights to be free from discrimination and retaliation in employment.

35.    Comeau and Larkin were subjected to ongoing and continuing discrimination, including serial acts of discrimination and systemic discrimination such that 99 Restaurants is liable for all of the acts of discrimination, harassment and retaliation alleged herein based on the continuing acts doctrine and other principles of law and equity.

36.    The limitations period for filing claims of discrimination against Advest and

Norton with the MCAD was tolled based on Comeau's and Larkin's utilization of

the 99 Restaurants's internal complaint procedures, based on principles of

equitable tolling and estoppel and based on other equitable principles recognized

under state and federal law.

37.    Comeau and Larkin made timely complaints concerning the discrimination,

retaliation and harassment alleged herein to the MCAD and EEOC and have

appropriately utilized the administrative remedies available to them.

38.    The 99 Restaurants received notice of charges of discrimination made by Comeau

and Larkin to the MCAD.

39.    The 99 Restaurants participated in proceedings at the MCAD with regard to

allegations of sexual harassment and discrimination.

40.    The EEOC issued Notice of Right to Sue letters to Brenda Comeau and Kendra

Larkin.

41.    Copies of these Notice of Right to Sue letters are attached hereto as Exhibits "A,"

"B," "C," "D."

42.    It has been more than 90 days since Larkin and Comeau filed their charges of

discrimination with the MCAD and the EEOC.

43.    As a direct and proximate result of the wrongful actions of the 99 Restaurants and

persons for whom they are legally responsible, as set forth herein, Larkin and

Comeau were caused to sustain severe emotional distress, psychological harm,

personal and physical injuries, great pain of body and anguish of mind, injury to

their good names and reputations, substantial lost wages, benefits and income, diminished earning capacity, medical expenses, counseling expenses, retraining expenses, job search expenses, economic losses, lost interest, litigation expenses, attorney's fees and their ability to enjoy life has been adversely affected.

## COUNT I

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

44.    The allegations in paragraphs one through forty-three, above, are re-alleged and incorporated by reference as if fully set forth herein.

45.    Defendants repeatedly violated the Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 20000e-17, as amended, by committing the unlawful acts described herein, including by discriminating against the plaintiffs on the basis of their sex and by retaliating against the plaintiffs and the plaintiffs have suffered harm and injury as a direct and proximate result of said violations.

## COUNT II

## VIOLATION OF MASSACHUSETTS
## FAIR EMPLOYMENT PRACTICES ACT, GEN. LAWS CH. 151B

46.    The allegations in paragraphs one through forty-five, above, are re-alleged and incorporated by reference as if fully set forth herein.

47.    Defendants violated Mass. Gen. Laws ch. 151B, causing injury and harm to the plaintiffs.

WHEREFORE, plaintiffs demand:

    A. trial by jury on all matters so triable;
    B. compensatory damages;
    C. punitive damages;
    D. front pay and back pay;
    E. interest, costs and a reasonable attorney's fee;
    F. a permanent injunction against defendants prohibiting defendants from discriminating against or retaliating against the plaintiffs and requiring favorable employment references for the plaintiffs;
    G. such other relief as is just, equitable or proper.

Dated: May 23, 2005

Respectfully submitted,
Kendra Larkin and Brenda Comeau
by their attorney,

J. Whitfield Larrabee
4 Cypress Street, Suite 6
Brookline, MA 02445
(617) 566-3670
BBO # 553499

10

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:   **Brenda Comeau**
      **113 Hubbard Pond Road**
      **New Ipswich, NH 03071**

From:  **Boston Area Office**
       **John F. Kennedy Fed Bldg**
       **Government Ctr, Room 475**
       **Boston, MA 02203**

☐   *On behalf of person(s) aggrieved whose identity is*
    *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16C-2004-02531** | **Rance A. O'Quinn,**<br>**Enforcement Supervisor** | **(617) 565-3192** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☒   More than 180 days have passed since the filing of this charge.

☐   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*(signature)*

**Robert L. Sanders,**
**Area Office Director**

APR 2 1 2005

*(Date Mailed)*

Enclosure(s)

cc:   **NINETY-NINE RESTAURANT & PUB**
      **275 Summer Street**
      **Fitchburg, MA 01420**

J. Whitfield Larrabee
Trial & Appellate Lawyer
**Four Cypress Street, Suite 6**
**Brookline, Massachusetts 02445**

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:   **Brenda  Comeau**
      **113 Hubbard Pond Road**
      **New Ipswich, NH 03071**

From:   **Boston Area Office**
        **John F. Kennedy Fed Bldg**
        **Government Ctr, Room 475**
        **Boston, MA 02203**

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a)) |

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16C-2004-01772 | Rance A. O'Quinn, Enforcement Supervisor | (617) 565-3192 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice** or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

[X]   More than 180 days have passed since the filing of this charge.

[ ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):**  You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

[ ]   The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.**  Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

APR 2 1 2005

Enclosure(s)

**Robert L. Sanders,**
**Area Office Director**

*(Date Mailed)*

cc:   **NINETY-NINE RESTAURANT & PUB**
      **275 Summer Street**
      **Fitchburg, MA 01420**

      **J. Whitfield Larrabee**
      **Trial & Appellate Lawyer**
      **4 Cypress Street, Suite 6**
      **Brookline, Massachusetts 02445**

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:    **Kendra Larkin**
       **11 Belmont Street**
       **Fitchburg, MA 01420**

From:   **Boston Area Office**
        **John F. Kennedy Fed Bldg**
        **Government Ctr, Room 475**
        **Boston, MA 02203**

☐   On behalf of person(s) aggrieved whose identity is
    CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16C-2005-00461** | **Rance A. O'Quinn,** **Enforcement Supervisor** | **(617) 565-3192** |

(See also the additional information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐   More than 180 days have passed since the filing of this charge.

☒   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

APR 21 2005

Enclosure(s)

**Robert L. Sanders,**
**Area Office Director**

(Date Mailed)

cc:   **NINETY-NINE RESTAURANT & PUB**
      **275 Summer Street**
      **Fitchburg, MA 01420**

      **J. Whitfield Larrabee**
      **Trial & aAppellate Lawyer**
      **Four Cypress Street, Suite 6**
      **Brookline, MA. 02445**

EEOC Form 161-B (3/98)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:  Kendra Larkin
     11 Belmont Street
     Fitchburg, MA 01420

From:  Boston Area Office
       John F. Kennedy Fed Bldg
       Government Ctr, Room 475
       Boston, MA 02203

☐  On behalf of person(s) aggrieved whose identity is
    CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16C-2004-01761 | Rance A. O'Quinn, Enforcement Supervisor | (617) 565-3192 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_signature_

Robert L. Sanders,
Area Office Director

APR 21 2005

(Date Mailed)

Enclosure(s)

cc:  **NINETY-NINE RESTAURANT & PUB**
     275 Summer Street
     Fitchburg, MA 01420

     J. Whitfield Larrabee
     Trial & Appellate Lawyer
     **Four Cypress Street, Suite 6**
     **Brookline, Massachusetts 02445**

JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)   PLAINTIFFS

BRENDA COMEAU AND
KENDRA LARKIN

**(b)** County of Residence of First Listed Plaintiff   **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)   (617) 566-3670
J. Whitfield Larrabee, Esq.
4 Cypress St., Suite 6, Brookline, MA

## DEFENDANTS

O'CHARLEY'S, INC. AND
99 RESTAURANTS, LLC

County of Residence of First Listed Defendant   Davidson, Tennesse
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
         LAND INVOLVED.

Attorneys (If Known)   Elizabeth A. Kowal, Esq.
Murtha Cullina, LLP
99 High St., Boston, MA

## II. BASIS OF JURISDICTION     (Place an "X" in One Box Only)

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question (U.S. Government Not a Party)
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)   and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT     (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN     (Place an "X" in One Box Only)

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from another district (specify)
- ☐ 6   Multidistrict Litigation
- ☐ 7   Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity):**
42 U.S.C. 2000e, et. cet.

Brief description of cause:
Employment Discrimination, Harassment and Retaliation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $   2,000,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   6/23/05

SIGNATURE OF ATTORNEY OF RECORD   J. Whitfield Larrabee

---

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only)____ Brenda Comeau, et. al. v. O'Charley's, Inc., ____ et. al._____

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

[ ]   I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

[X]  II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

[ ]  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

[ ]  IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

[ ]   V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                  YES [ ]    NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

                                                  YES [ ]    NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                  YES [ ]    NO [X]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                  YES [ ]    NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                  YES [ ]    NO [X]

   A.   If yes, in which division do all of the non-governmental parties reside?

        Eastern Division [ ]        Central Division [ ]        Western Division [ ]

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

                                          (one plaintiff resides in each division)

        Eastern Division [X]        Central Division [X]        Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                                  YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)      J. Whitfield Larrabee
ATTORNEY'S NAME _____

ADDRESS _____4 Cypress Street, Suite 6, Brookline, MA  02445_____

TELEPHONE NO. _____(617) 566-3670_____

(CategoryForm.wpd - 5/2/05)