UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRENDA COMEAU, and <br> KENDRA LARKIN, <br>     Plaintiffs <br><br> v. <br><br> O'CHARLEY'S, INC., and <br> 99 RESTAURANTS, LLC, <br>     Defendants | CIVIL ACTION NO. 05-11088 JLT |

## ANSWER OF 99 RESTAURANTS, LLC

### Introduction

The plaintiff, Brenda Comeau, and plaintiff, Kendra Larkin, are hereafter referred to as the "plaintiffs". The defendant, 99 Restaurants, LLC, is hereinafter referred to as "the 99". The defendant, O'Charley's, Inc., is hereinafter referred to as "O'Charley's". The term "Insufficient Knowledge" as hereinafter used shall mean that the 99 is without knowledge or information sufficient to form a belief as to the truth of an averment which shall have the effect of a denial. The paragraphs numbered 1 through 47 correspond and reply to paragraphs 1 through 47 of the complaint.

### General Allegations

1. The 99 states that the complaint speaks for itself.

2. The 99 states that the complaint speaks for itself.

3. The 99 denies that there is over $1,000,000 in controversy and admits all other allegations of paragraph 3 of the complaint.

4. Insufficient Knowledge.

5. Insufficient Knowledge.

6. The 99 denies that it is a "citizen" of Tennessee and admits all other allegations of paragraph 6 of the complaint.

7. The 99 denies that O'Charley's is a "citizen" of Tennessee and admits all other allegations of paragraph 7 of the complaint.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Denied.

13. The 99 denies that it violated any laws and admits all other allegations of paragraph 13 of the complaint.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied as to any allegations of criminal offenses. The 99 further states that G. L. c. 265, § 13H speaks for itself.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Admitted.

39. Admitted.

40. The 99 states that the letter speaks for itself.

41. The 99 states that the exhibits speak for themselves.

42. Admitted.

43. Denied.

### Count I
### Violation of Title VII of the Civil Rights Act of 1964

44. The 99 incorporates by reference its answers to paragraphs 1 and 43.

45. Denied.

Count II
Violation of Massachusetts Fair
Employment Practices Act, Gen. Laws Ch. 151B

46. The 99 incorporates by reference its answers to paragraphs 1 through 45.

47. Denied.

**FIRST AFFIRMATIVE DEFENSE**

Some or all of the plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

**SECOND AFFIRMATIVE DEFENSE**

Some or all of the plaintiffs' claims are barred by their failure to satisfy all administrative and statutory prerequisites.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs failed to mitigate their damages.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs unreasonably failed to avail themselves of preventative or corrective opportunities or procedures available to them within the 99 to address their alleged work-related problems.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs have waived some or all of their claims.

99 RESTAURANTS, LLC

By its attorneys,

*Elizabeth A. Kowal*
Hugh P. Murray, III, BBO #557175
Elizabeth A. Kowal, BBO #646326
Murtha Cullina LLP
99 High Street
Boston, MA 02110
617-457-4000

DATED: July 1, 2005

---

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail.

DATE: July 1, 2005   EAK

---