UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BRENDA COMEAU AND | ) | |
| KENDRA LARKIN , | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| O'CHARLEY'S, INC., AND | ) | CIVIL ACTION NO. 05-11088-JLT |
| 99 RESTAURANTS, LLC, | ) | |
| Defendants | ) | |
| | ) | November 7, 2006 |

JOINT PRETRIAL MEMORANDUM

I. CONCISE SUMMARY OF EVIDENCE TO BE OFFERED BY THE PLAINTIFF

Plaintiffs will present evidence demonstrating that defendants discriminated against them on the basis of their sex, subjected them to sexual harassment and retaliation, and constructively discharged them from their employment as waitresses in the defendants' restaurant.

Scott Hand, the defendants' General Manager, picked plaintiff Kendra Larkin up by the buttocks and carried her out into the dining room of the restaurant. Mrs. Larkin worked under the supervision of Mr. Hand in her position as a waitress. Adam Jones, a former co-worker, will corroborate this allegation. On another occasion, Mr. Hand straddled Mrs. Larkin's legs and kissed her forehead in the workplace. This incident was witnessed by other employees. On another occasion, Mr. Hand stuck his finger in a hole in Mrs. Larkin's shirt and ripped her shirt open in the area of her left breast. On another occasion, Mr. Hand wiped his wet hand on Mrs. Larkin's face and down the front of her body. Mr. Hand touched, hugged and kissed Mrs. Larkin on various occasions and failed to respect her repeated requests that he not to touch her and that he get away from her. Mr. Hand approached Ms. Larkin and smelled her and commented on her smell in a sexually offensive manner. Mr. Hand asked Mrs. Larkin, then a married woman, if

she wanted to go away on vacation with him, alone, and made other inappropriate and offensive sexual comments, innuendo and jokes. Mrs. Larkin complained to Mr. Hand's supervisor, Jack Craig, who conducted an investigation and corroborated many of the allegations made by Mrs. Larkin which were admitted to by Mr. Hand, although Mr. Hand later denied that he made admissions attributed to him by Mr. Craig, and made other contradictory and inconsistent statements about his actions.

Mr. Hand also created a sexually hostile and offensive work environment for plaintiff Brenda Comeau, who is also married. Mr. Hand licked Mrs. Comeau's face and neck on one occasion. At least once, Mr. Hand picked Mrs. Comeau up put her over his shoulder. At other times, Mr. Hand hugged Mrs. Comeau and then picked her up while she protested, "put me down." Mr. Hand has admitted that he picked up Ms. Comeau and that his actions were inappropriate and that they violated the defendants' policies. On other occasions, Mr. Hand pulled Mrs. Comeau down on his lap and wrapped his arms around her, while on other occasions he kissed Mrs. Comeau. Mr. Hand tormented and harassed Mrs. Comeau in many other ways, including slamming a door in Mrs. Comeau's face in a violent manner and screaming at Mrs. Comeau in front of customers and co-workers. Mr. Hand did not treat male employees in this manner. Mr. Hand grabbed Ms. Comeau by the arm in an aggressive manner, using his size and strength as a male to threaten and intimidate her. The plaintiffs will present corroborating evidence of their allegations through the testimony of other employees who have been identified as witnesses.

The defendants' managers, including Cheryl Whitney and others, were aware of Mr. Hand's actions involving sexual harassment, retaliation and discrimination because they either

observed the harassment themselves or received complaints but took no action.  Mr. Hand himself repeatedly received complaints, but flagrantly disregarded them and persisted in his malicious and discriminatory course of conduct.   The defendant's anti-discrimination policy, by their own admission, did not function effectively or properly.  By defendants' own admission, Mr. Hand repeatedly violated the anti-harassment and discrimination policy.

Even after Mrs. Larkin and Mrs. Comeau complained about the sexually hostile work environment at the Ninety-Nine, harassment, retaliation and abuse persisted.  Although Mr. Hand was transferred to another location, co-workers made comments such as "I work with a bunch of dumb whores" and "they're a bunch of cunts."  When co-worker Adam Jones brought these statements to the attention of Jack Craig, the District Manager, he was told it was just "hearsay" and that he should talk to the General Manager, Rick Huemme about it.  When he brought these sexually offensive statements to the attention of Mr. Huemme and assistant manager Cheryl Whitney, he was fired.  Plaintiff's were pressured, threatened, and intimidated so that they would leave their jobs by Mr. Huemme and Ms. Whitney because they complained and opposed unlawful harassment, discrimination and retaliation.  Plaintiffs were isolated and were subjected to increased scrutiny by defendants' managers, obstacles were put up to make it more difficult for them to perform their jobs, the terms and conditions of their employment changed substantially, and they were subjected to hostile, offensive and humiliating treatment by managers and co-workers, which made the workplace intolerable and drove them from their jobs - jobs they had held for many years.

Both Mrs. Larkin and Mrs. Comeau were forced to seek medical care for psychological injuries that they suffered while working at the Ninety-Nine as demonstrated by medical records

and therapy records produced in discovery, the testimony of witnesses, (friends and family members, treating physicians and therapist).  Both women experienced severe anxiety, depression, psychological difficulties and emotional distress as a result of the sexually hostile work environment, discrimination and retaliation that they endured while working at the Ninety-Nine.  Mrs. Larkin's and Mrs. Comeau 's responses to the workplace are consistent with the diagnostic criteria for anxiety disorder, post traumatic stress disorder and depression as set forth in the <u>Diagnostic and Statistical Manual of Mental Disorders</u>, Fourth Edition, American Psychiatric Association, 1994, pp. 339, 344 349-350, 393-395, 424-432.  Both women were prescribed medication for the treatment of their psychological and physical symptoms.

Mrs. Larkin and Mrs. Comeau lost income and benefits, incurred medical costs, suffered emotional distress and psychological injuries from the harassment, discrimination, retaliation and physical assaults that they were subjected to. Because of the duration of the abuse that she endured, and her personal circumstances, Mr. Hand's sexual harassment and discrimination against Mrs. Comeau had a particularly devastating effect on her mental health and ability to work and family. Ms. Comeau suffered severe economic hardship due to the actions of the defendants.  Her home was foreclosed upon, her children were uprooted, and her family had to go without.

The defendants are engaged jointly in the restaurant business, and operate chains of restaurants generating revenue of nearly $1 billion annually, along with millions of dollars in profits.  Defendants have millions of dollars in assets and their net worth is in the range of hundreds of millions of dollars.  Due to the intentional and reprehensible actions of the defendants, plaintiffs are requesting punitive damages.

4

II. <u>CONCISE SUMMARY OF EVIDENCE TO BE OFFERED BY THE DEFENDANTS</u>

Brenda Comeau and Kendra Larkin worked as servers as the 99 Restaurant in Fitchburg, Massachusetts. Scott Hand was general manager of the restaurant at which they worked. In May, 2004, Ms. Comeau and Ms. Larkin told Mr. Hand's boss, Jack Craig, that Mr. Hand had engaged in certain behavior that made them uncomfortable.

Mr. Craig investigated the allegations. While Mr. Hand denied many of the allegations, Mr. Craig and other members of 99 management concluded that Mr. Hand had (1) been overly friendly with staff and (2) had lost the ability to manage the restaurant effectively. While none of the conduct in which Mr. Hand engaged rose to the level of sexual harassment, operationally the 99 decided to demote Mr. Hand and move him to another restaurant.

Following Mr. Hand's demotion and relocation, Ms. Comeau and Ms. Larkin continued to work at the 99. Ms. Comeau engaged in some insubordinate conduct and was disciplined. Ms. Comeau and Ms. Larkin ultimately quit their jobs at the 99 in the Summer of 2004. There was no retaliation by the 99 against Ms. Comeau or Ms. Larkin, nor was there any constructive discharge of either of them.

None of the conduct that occurred rose to the level of sexual harassment. The 99 properly and swiftly investigated the complaints that the plaintiffs raised, appropriately responded to those complaints, and did not retaliate against Ms. Comeau or against Ms. Larkin.

Ms. Comeau claims to have developed psychiatric problems as a result of her treatment by the 99. In fact, Ms. Comeau has and has had multiple and severe stressors in her life unrelated to the 99 and the alleged conduct by the 99 did not cause or exacerbate her emotional

distress.

Neither Ms. Larkin nor Ms. Comeau have properly mitigated their damages by seeking and obtaining comparable alternate work.

III.    FACTS ESTABLISHED BY THE PLEADINGS OR BY STIPULATIONS OR ADMISSIONS OF COUNSEL

A.  Brenda Comeau, a female, was employed by the 99 Restaurants, LLC and O'Charley's, Inc. from on or about November 25, 1997 until on or about August 27, 2004.

B.  Kendra Larkin, a female, was employed by the 99 Restaurants, LLC and O'Charleys, Inc. from on or about December 4, 1995 until on or about August 7, 2004.

C.  The 99 Restaurants, LLC and O'Charley's, Inc. own and operate restaurants doing business as the Ninety Nine Restaurant and Pub.

D.  Larkin and Comeau worked as waitresses at a Ninety Nine Restaurant and Pub located in Fitchburg, Massachusetts.

E.  The defendants received notice of charges of discrimination made by Comeau and Larkin to the MCAD.

F.  The defendants participated in proceedings at the MCAD with regard to allegations of sexual harassment and discrimination.

G.  The defendants currently employ over 1000 employees and employed 1000 employees during the time periods at issue in this case.

H.  The EEOC issued Notice of Right to Sue letters to Brenda Comeau and Kendra Larkin.   Copies of these Notice of Right to Sue letters are attached to the Complaint And Demand For Jury Trial as Exhibits "A," "B," "C," "D."

I.  Plaintiffs waited more than 90 days after they filed their charges of discrimination with the MCAD and the EEOC before filing suit.

IV. <u>CONTESTED ISSUES OF FACT</u>

A.  Whether the defendants discriminated against the plaintiffs on the basis of their sex in violation of Mass. Gen. Laws ch. 151B.

B.  Whether the defendants sexually harassed the plaintiffs in violation of Mass. Gen. Laws ch. 151B.

C.  Whether the defendants retaliated against the plaintiffs in violation of Mass. Gen. Laws ch. 151B.

D.   Whether the defendants constructively discharged the plaintiffs in violation of Mass. Gen. Laws ch. 151B.

E.  Whether the defendants discriminated against the plaintiffs on the basis of their sex in violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 20000e-17, as amended.

F.  Whether the defendants sexually harassed the plaintiffs in violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 20000e-17, as amended.

G.  Whether the defendants retaliated against the plaintiffs in violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 20000e-17, as amended.

H.   Whether the defendants constructively discharged the plaintiffs in violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 20000e-17, as amended.

I.  Whether the plaintiffs suffered damages as a result of the defendant's violation of

Mass. Gen. Laws ch. 151B or Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 20000e-17, as amended.

J. Whether the plaintiffs should be awarded punitive damages as a result of the defendant's violation of Mass. Gen. Laws ch. 151B or Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 20000e-17, as amended.

K.  How much compensatory damages should be awarded to the plaintiffs.

L.  How much punitive damages should be awarded to the plaintiffs.

IV. PLAINTIFFS' WITNESS LIST

A.    Scott Hand, 9 Oxford Street, Merrimack, New Hampshire

Plaintiffs may present some of Mr. Hand's testimony given at deposition.

B.    John Craig, Jr., 61 Highland Road, Boxford, MA

Plaintiffs may present some of Mr. Craig's testimony given at deposition.

C.    Brenda Comeau, PO Box 120, Greenville, NH 03048, (617) 566-3670 (atty)

D.    Kendra Larkin, 11 Belmont Street, Fitchburg, MA 01420, (617) 566-3670 (atty)

E.    Amy Alajajian (formerly Favalaro), 250 Kennedy Drive, # 208, Malden, MA
      02148 (617) 253-2495.

F.    Adam Jones, 56 Allen Street, Leominster, MA,. (978) 609-1151, (978) 534-3458.

G.    Kristen Timrick,5 Burpee Road, Sterling, MA 01564, (978) 660-0345.

H.    Cheryl Whitney, 27 Marita Street, Leominster, MA

Plaintiffs may present some of Ms. Whitney's testimony given at deposition.

I.    Bob Luz, 99 Restaurants, 160 Olympia Ave, Woburn, MA  01801

Plaintiffs may present some Mr. Luz's testimony given at deposition.

8

J.      Marriane Grant/Marriane Carriere, 115 Madison St., Fitchburg, MA 01420-4020, (978) 343-6616.

K.      Jill Nicholson/Nickerson) Fitchburg or Asbhy,(978) 342-2284 or (978) 386-5365.

L.      Sue Jones, Maine or Fitchburg.

M.      Debbie Morgan, Textures Hair Studio, 199 Summer St., Fitchburg, MA 01420, (978) 343-5906.

N.      Edward Sprague, MD, 120 Highland St, Townsend, MA

O.      Bart Larkin, 1070 Ashby West Road, Fitchburg, MA (978) 342-4296.

P.      Grace Trevers, 47 Holt Street, Fitchburg, MA (978) 345-4147

Q.      Donna Allen, 47 Holt Street, Fitchburg, MA (978) 345-4147.

           Plaintiffs may present some of Ms. Allen's testimony given at deposition.

R.      Iris Sullivan, MD, Parkhill Family Practice, Fitchburg, MA

S.      Chris Comeau, 989 Turnpike Road, New Ipswich, NH 03071.

T.      Marcy McGean (sp?), New York City,

U.      Lisa Ramey, MD, Jaffrey Family Medicine and Physical Therapy, 82 Peterborough Street Jaffrey, NH, 03452,  603-532-8775, 22 North Street, Jaffrey, NH 03452

V.      James D. Potter, M.D. Jaffrey Family Medicine and Physical Therapy, 82 Peterborough Street Jaffrey, NH, 03452, 603-532-8775, 22 North Street, Jaffrey, NH 03452

## V. DEFENDANTS' WITNESS LIST

A.      Scott Hand

      B.       John Craig

      C.       Cheryl Whitney

      D.       Michael Rater

      E.       Robert Luz

      F.       Steve McGovern

      G.       Charles Noyes

      H.       Richard Huemme

      I.       Sherry Blackler

      J.       Kristin Timirick

      K.       Maria Leger

## VI. PLAINTIFFS' LIST OF POTENTIAL EXHIBITS

1. Any documents that become relevant as the trial proceeds that were produced by the plaintiff numbered 0001 - 0361 and disclosed under Local Rule 26.2(A).

2. Notes of John Craig, Jr. of his interview with Scott Hand.

3. Donna Allen Records, Family Counseling Center/Children's Aid and Family Service Records.

4. Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition, American Psychiatric Association, 1994, pp. 339, 344 349-350, 393-395, 424-432, et. cet.

5. Portions of Annual Reports of Defendants, including sections detailing their finances, income, net worth and assets.

6. Notes of Kendra Larkin (0001 - 0056)

7. Office Visit Record, Edward. Sprague, M.D. (0068)

8.  Prescription Record (0069).

9.  Employee Clock Out (0070).

10.  Letter to Bob Luz (0071).

11.  Pertinent Records From Personnel Files of Kendra Larkin and Brenda Comeau.

12.  Employee Separation Form (0074)

13.  Warnings (0075 and 0076)

14.  Letter to Jack Craig (0086)

15.  Complaint to MCAD (0087-0088)

16.  Complaint to MCAD (0089-0090)

17.  Letter (0093)

18.  Letter (0096)

19.  Affirmations (0098-0099)

20.  Allowed Motion To Amend (0101)

21.  Complaint to MCAD (0094)

22.  Affidavit of Jack Craig (0103)

23.  Kendra Larkin letter to Carrie Payne (0108-0110, 0130)

24.  Brenda Comeau Charge of Discrimination (0111 and 0132)

25.  Brenda Comeau Amended Charge of Discrimination (0112).

26.  Kendra Larkin Charge of Discrimination (0115, 0174-0175)

27.  99 Position Statements

28.  Brenda Comeau letters to Ms. Payne (0129-0136).

29.  EEOC Notice 0131

30.  Adam Jones letter to Carrie Payne.

31.  MCAD letter dated October 5, 2004

32.  99 Policies (0157-0158)

33. Dismissal and Notification of Rights and related documents (0159-0161, 0163-0171)

34.  Letter of Elizabeth Kowal to MCAD - 2/14/05

35.  Letter to Kendra Larkin from Carrie Payne.

36.  Transmittal Letter (0173).

37.  Letter to Brenda Comeau (0176)

38.  MCAD letter to Brenda Comeau (0177)

39.  Letter to MCAD (0178)

40.  Printout From 99 Restaurants web site (0179)

42.  Note from Dr. Sprague (0181).

43.  Certificate from EEOC (0182)

44. Lisa Raymey, MD, Physician's Statement of Capability (0191)

45.  Letter to attorney Larrabee (0192)

46.  Larkin Personnel File (0193)

47. Letter to attorney Larrabee (0251)

48.  Personnel Records of Brenda Comeau, including evaluations, warnings, and other materials.

49.  Deposition Exhibits to the Allen, Craig, Hand, Luz and Whitney Depositions.

50.  Parkhill Family Practice Records.

51.  Jaffrey Family Medicine and Physical Therapy Records.

52. Edward Sprague, M.D. records.

53. Comeau - 1009 forms, 2001-2004.

54. Dr. Sullivan, October 12, 2005 letter.

The plaintiffs reserve the right to identify additional documents, especially documents to rebut allegations or evidence proposed by the defendants.

VI.  DEFENDANTS' LIST OF POTENTIAL EXHIBITS

A.  MCAD Charges of Brenda Comeau

B.  MCAD Charges of Kendra Larkin;

C.  Tax Returns/Wage Documentation of Brenda Comeau

D.  Tax Returns/Wage Documentation of Kendra Larking

E.  Investigatory notes of Jack Craig

F.  Report of Dr. Michael Rater and underlying documents

G.  Psychiatric treatment documents of Brenda Comeau

H.  99 Sexual Harassment Policy

I.  Documents related to Ms. Comeau's application for Social Security Disability benefits.

The Defendant reserves the right to identify additional documents, especially documents to rebut allegations or evidence proposed by the Plaintiffs.

VIII. PROBABLE LENGTH OF TRIAL

A.  1-2 weeks

Respectfully submitted,

O'Charley's, Inc.                            Brenda Comeau,
99 Restaurants, LLC                          Kendra Larkin,
By their attorney,                           By their attorney,


/s/ Hugh F. Murray, III                      /s/ J. Whitfield Larrabee
Hugh Murray                                  J. Whitfield Larrabee
Murtha Cullina, LLP                          4 Cypress Street, Suite 6
99 High Street                               Brookline, MA 02445
Boston, MA 02110                             (617) 566-3670
(617) 457-4000                               BBO # 553499
BBO # 557175

918809

14